**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND, | ) ) ) |
| Plaintiff, | ) CASE NO.: 20-cv-5022 ) ) JUDGE: |
| vs. | ) ) |
| | ) MAGISTRATE JUDGE: |
| LEWIS ACQUISITION CORP. d/b/a LEWIS PLASTICS CO., INC., an Illinois corporation, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

NOW COMES the Plaintiff, the CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND ("WELFARE FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendant LEWIS ACQUISITION CORP. d/b/a LEWIS PLASTICS CO., INC. ("LEWIS PLASTICS") and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the WELFARE FUND is administered at 245 Fencl Lane, Hillside, Illinois, 60162, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The WELFARE FUND receives contributions from numerous employers pursuant to Collective Bargaining Agreements with Plastic Workers Union Local No. 18, AFL-CIO and the Chemical and Production Workers Local 30, AFL-CIO, locals of the International Union of Allied Novelty and Production Workers, and therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The WELFARE FUND is administered pursuant to the terms and provisions of the Agreement and Declaration of Trust (the "Trust Agreement"), which created it.

5. Defendant LEWIS PLASTICS is an Illinois corporation with its principal place of business located in Addison, Illinois.

## COUNT I
## BREACH OF CONTRACT

6. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1-5 of this Complaint with the same force and effect as if fully set forth herein.

7. LEWIS PLASTICS is an employer engaged in an industry affecting commerce.

8. On or about August 7, 2017, LEWIS PLASTICS entered into a Collective Bargaining Agreement ("CBA") with the Plastic Workers Union Local No. 18, AFL-CIO ("Local 18"), which extended through July 6, 2020. (A copy of the CBA is attached as **Exhibit 1**).

9. On or about June 24, 2020, LEWIS PLASTICS entered into a Memorandum of Agreement with Local 18 which extended the CBA dated August 7, 2017 for an additional three (3) years, now set to expire on July 6, 2023, subject to a few modifications identified in the Memorandum of Agreement. (A copy of the Memorandum of Agreement is attached as **Exhibit 2**).

10. Through the CBA, LEWIS PLASTICS agreed to be bound by the Trust Agreement.

11. Through the CBA and the Trust Agreement, the WELFARE FUND is a third-party beneficiary of the CBA between Local 18 and LEWIS PLASTICS as discussed *infra*.

12. Pursuant to the terms of the CBA and Trust Agreement, LEWIS PLASTICS is required to make monthly reports of hours worked by covered employees and remit contributions on behalf of their eligible employees to the WELFARE FUND.

13. The monthly reports and contributions required be paid as set forth above during all times relevant were due on or before the 10th day of the calendar month.

14. Pursuant to Section 502(g)(2) of ERISA, the CBA and the Trust Agreement, in the event that LEWIS PLASTICS fails to remit their monthly contribution reports and contributions to the WELFARE FUND on a timely basis, LEWIS PLASTICS is responsible for the payment of liquidated damages equal to one and one half percent (1.5%) per month of the amount of unpaid contributions, plus any reasonable attorney's fees and costs incurred in the course of collecting the unpaid amounts.

15. LEWIS PLASTICS failed to submit its contribution report and the associated payment to the WELFARE FUND for the month of August 2020.

16. LEWIS PLASTICS has a continuing obligation to pay contributions to the WELFARE FUND on behalf of its eligible employees through the end of the CBA.

17. Plaintiff has complied with all conditions precedent in bringing this suit.

18. Defendant LEWIS PLASTICS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A.  That Judgment be entered in favor of Plaintiff and against Defendant LEWIS PLASTICS in an unknown amount for any and all unpaid contributions, along with the resulting liquidated, that are currently owed or which may become due and owing;

B.  That this Honorable Court enter an Order holding that Defendant LEWIS PLASTICS has a continuing obligation to pay contributions to the WELFARE FUND pursuant to the CBA;

C.  That LEWIS PLASTICS be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the CBA, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D); and

D.  That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

    Respectfully submitted,

    **CENTRAL STATES JOINT BOARD**
    **HEALTH & WELFARE FUND**

By: /s/ Lucas J. Habeeb - 6329755
    One of Plaintiff's Attorneys

Lucas J. Habeeb
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472
habeeb@johnsonkrol.com

August 26, 2020